UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

CARLOS ROSARIO,

               Plaintiff,          10 Civ. 6664

  -against-                       OPINION

NYS Trooper P. CIRIGLIANO,
NYSE Trooper J. LEWIS,
CARL E. DUBOIS, Sheriff,
DOMINICK ORSINO, Corrections Administrator,
Officer "JOHN DOE" and Officer "JANE DOE",

               Defendants.

------------------------------------X

**Sweet, D.J.**

        Orange County Defendants Sheriff Carl E. Dubois ("Dubois") and Corrections Administrator Dominick Orsino ("Orsino") (collectively, the "County Defendants") have moved to dismiss the complaint of plaintiff Carlos Rosario ("Rosario" or the "Plainitff"). The County Defendants have moved to dismiss on the grounds that Plaintiff failed to properly serve them, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5), as required under Federal Rule of Civil Procedure 4(e) as well as for failure to state a claim on statute of limitations grounds, under Rule 12(b)(6).

1

For the reasons set forth below, the case is administratively re-opened and Plaintiff is directed to properly serve the County Defendants within thirty (30) days of receipt of the Rule 4 Service Package.

**Prior Proceedings**

On August 12, 2010, Plaintiff submitted a Complaint in this civil rights action, brought pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), to the Office of the Pro Se Clerk of this Court.[1] Plaintiff's complaint alleges that Defendants Dubois, the Sheriff of Orange County, and Orsino, the Corrections Administrator of the Orange

---

[1] The County Defendants assert that Plaintiff filed his complaint "on or about September 3, 2010" (Def. Mem. 1.), presumably because the summons that issued was dated September 3, 2010 (see Docket Sheet). While the Complaint was technically filed on September 8, 2010 (Docket No. 2), for practical purposes, the date that Plaintiff submitted the Complaint to the Pro Se Office is the relevant event. Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1988) ("At least where in forma pauperis relief is granted, the action should be treated as timely, provided the complaint was received by the [pro se] clerk's office prior to the expiration of the limitations period.").
Some courts have understood pro se complaints to be in some sense "filed" at the time of receipt by the Pro Se Office, and in most cases there is no difference. See, e.g., Lunardini v. Mass. Mut. Life Ins. Co., 696 F. Supp. 2d 149 (D.Conn 2010) ("The Second Circuit has answered the question of when a complaint is considered 'filed'" if it is accompanied by an IFP application that is later granted (citing Toliver, 841 F.2d 41)). The effective termination of the limitations period is in fact due to equitable tolling during the pendency of the in forma pauperis ("IFP") application and subsequent filing of the complaint by the Pro Se Office, on the grounds that such delay is outside of the litigant's control.  See Celestine v. Cold Crest Care Center, 495 F. Supp. 2d 428, 432 & n.4 (S.D.N.Y. 2007). Regardless, because Plaintiff's IFP application was subsequently granted (Docket No. 1), the statute of limitations clock stopped running on the day the Complaint was received by the Pro Se Clerk's Office (here, at least by August 12, 2010, the day it was stamped received (Docket No. 2)).

2

County Correctional Facility ("OCCF") violated his Eight and Fourteenth Amendment rights as well as Title II of the ADA. (Compl. ¶ III. Attachment to Statement of Claims.) According to the Complaint, Plaintiff is paralyzed from his waist down and utilizes a wheelchair as a result of a gunshot he received in 1986. (Id.) The Complaint asserts that while incarcerated at OCCF in August of 2007, Defendants provided Plaintiff with inadequate medical care and failed to provide necessary accommodations for his disability. (Id.)

This action stems from Plaintiff's arrest on August 16, 2007 by defendants New York State Troopers P. Cirigliano ("Cirigliano") and J. Lewis ("Lewis") (collectively, the "Defendant State Troopers" or the "Troopers"). (Compl. ¶ III(A).) The Complaint alleges that on August 16, 2007, while Plaintiff was riding in a vehicle that Gregory Ransom ("Ransom") was driving on State Route 17 in Goshen, New York (Orange County), that vehicle was pulled over by the Defendant State Troopers at around 2:00 A.M. for faulty tail lights. (Compl. ¶ III, Attachment to Statement of Claims.) Subsequent to a search, the Troopers found marijuana in the trunk of the vehicle. (Id.) Plaintiff and Ransom were arrested for criminal possession of marijuana. (Id.) According to Plaintiff, the Troopers were not in possession of a vehicle with which to

3

transport disabled individuals and so handcuffed Plaintiff and then lifted him to place him in the police car. Plaintiff alleges that "as a result," the Defendant State Troopers broke his right leg and caused him severe pain. (Id.)

According to Plaintiff, upon arriving at OCCF, he was denied pain medication, adequate medial care, and accommodations for his disability by the County Defendants. (Id.) As alleged in the Complaint, Plaintiff arrived at OCCF on August 16, 2007 and was released on August 20, 2007. (Id.) He was incarcerated for a total of four days. Plaintiff contends that Defendants did not provide him with any medical attention until the third day of his incarceration. (Id.) Plaintiff asserts that the medical attention he did receive was "sorely inadequate, resulting in continuation of severe spasms and pain." (Id.)

The Complaint further alleges that Defendants failed to provide him with a special mattress to prevent bed sores, which he sustained as a result, and that Defendants did not provide him with a handicapped bathroom, resulting in Plaintiff having to defecate in his bed. (Id.)

Plaintiff asserts that at the time two of defendant DuBois' deputies (Officers "John Doe" and "Jane Doe")

4

transported him from the Goshen Town Courthouse, Judge Thomas Cione witnessed Plaintiff being lifted by Officers "John Doe" and "Jane Doe" and placed into a police vehicle.  (Id.) According to the complaint, Judge Cione asked the deputies if they had a handicapped vehicle, to which they responded they did not.  (Id.)

According to the Complaint, Plaintiff was released on his own recognizance, and the case against him was subsequently dismissed and sealed.

Plaintiff maintains that the actions of the County Defendants were under color of state law, and a result of (1) "an officially adopted or promulgated policy that resulted in failure to properly train and equip their employees," (2) a "pervasive and long-standing" "informal, unwritten policy" of failing to properly train or supervise employees or supply equipment such that "they could avoid violating [Plaintiff's] civil rights and the Americans with Disabilities Act," and (3) the County Defendants did not properly equip the jail and vehicles for the transport of handicapped prisoners to and from the Town Court.  (Id.)  With regard to the Defendant State Troopers, Plaintiff claims they were acting under the color of state law when they failed to transport him in a "properly

5

equipped vehicle for the handicapped" as a result of the same three factors. (Id.)

Plaintiff claims that Defendants' actions caused him to suffer "severe spasms, great pain, and to undergo medical treatment that would not have been [otherwise] necessary," and asserts damages in the amount of $500,000. (Id.)

On September 10, 2010, a Rule 4 service package was mailed to Plaintiff at the address noted on the Court's docket by way of Federal Express AirBill No. 873199549310. (See Docket Sheet.) On March 15, 2011, the Court issued an order finding that Plaintiff had failed to serve defendants within 120 days of filing this action, in violation of Federal Rule of Civil Procedure 4(m), dismissing the action without prejudice, and giving Plaintiff thirty days to show cause why the case should be re-opened. (Docket No. 3.)[2]

On April 1, 2011, the County Defendants filed the instant motion to dismiss, which was marked fully submitted on May 11, 2011.

---

[2] The order administratively closing this case incorrectly stated that Plaintiff's complaint was filed on September 30, 2010.

6

**The Applicable Standards**

Where a defendant moves for dismissal under Rules 12(b)(2), (5), and (6), "[b]efore addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must fist address the preliminary questions of service and personal jurisdiction." Mende v. Milestone Tech, Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citing Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963) ("logic compel[s] initial consideration of the issue of jurisdiction over the defendant — a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.")); see also Dynegy Midstream Servs. V. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006) ("'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).  In considering such a motion, a court may consider documents submitted outside the pleadings.  Big Apple Pyrotechnics and Multimedia Inc., v. Sparktacular Inc., No. 05 Civ. 994 (KMW), 2007 WL 747807, *1 (S.D.N.Y. March 9, 2007); Darden v. Daimler Chrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("a Court must look to matters outside the complaint to determine whether it has jurisdiction").

In deciding a motion based upon insufficient service of process pursuant to Rule 12(b)(5), the Court must look to Rule 4. See, e.g., DeLuca v. Accessit Group, Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4(e) states in relevant part that an individual may be served by:

> (1) following state law for serving a summons . . .; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e). Under New York law, an individual may be served using one of the following methods:

> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business,[3] dwelling place or usual place of abode of the person to be served and by

---

[3] New York law defines "actual place of business" for purpose of this section as including "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." N.Y. C.P.L.R. 308(6).

8

either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service . . .; or

3. by delivering the summons within the state to the agent for service of the person to be served . . . ;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope [as described above], such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . .;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y. C.P.L.R. 308.

When a defendant challenges service of process, "the burden of proof is on the plaintiff to show the adequacy of service." DeLuca, 695 F. Supp. 2d at 65-66 (quoting Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd 173 F.3d 844 (2d Cir. 1999)).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). In other words, Plaintiff must allege sufficient

facts to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

In addressing the present motion, the Court is mindful that Rosario is proceeding pro se. "Since most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted by counsel." Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000). Courts "interpret [pro se pleadings] 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 279 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## Plaintiff Failed to Properly Serve the County Defendants

As reflected in the affidavits of Defendants Dubois and Orsino, as of the filing of Defendants' motion, neither was

11

served in any of the methods set forth in Rule 4(e) or under New York law. Neither of the County Defendants was personally served a copy of the summons and complaint, and neither was mailed copies either at their places of business or their homes. Defendants' affidavits state that neither designated anyone to accept service on their behalf, and that neither received service by way of Plaintiff leaving a copy of the summons and complaint at each defendant's home with a person of suitable age.

In opposition to the present motion, Plaintiff recognizes as much. Plaintiff submits that Peter Stagl ("Stagle") attempted service of process on Plaintiff's behalf. By way of affidavit, Stagle states that he delivered the Summons and Complaint for Dubois to a uniformed representative at the Orange County Sheriff's Office on January 3, 2011. (Pl. Mem. Ex. 1, Stagle Aff.) On the same day, he delivered papers for Orsino to a uniformed representative at the Orange County Sheriff's Office. (Id.) Plaintiff avers that upon submission of his affidavit in opposition to the County Defendants' motion to dismiss, he additionally mailed copies of the Summons, Complaint, waiver, and self-addressed stamped envelopes to the County Defendants. (Pl. Aff. in Opp'n ¶ 4 & Ex. 2.)

While taken together, Plaintiff has both delivered and mailed the Complaint and Summons as required under New York law,[4] he did not do so within 20 days of each other as necessary. Plaintiff accordingly failed to serve the County Defendants as prescribed under Rule 4 and as outlined in the Rule 4 Service Package provided by the Court to Plaintiff.

Plaintiff's affidavit further maintains that he is paralyzed from the waist down, wheelchair bound, and that he only gains income from Social Security (Pl. Aff. in Opp'n ¶ 2).[5] As such, he does not have the means to hire a professional process server and personal service is a hardship. (Id.)

Rule 4 requires that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. Pro. 4(m). Rule 4(m) provides that if the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." Id. "District courts also

---

[4] It is not clear from the parties' submissions if Plaintiff has otherwise fulfilled the requirements for service by mail, i.e. that the copies by sent by way of first class mail in an envelope bearing the legend "personal and confidential" and not indicating that the communication concerns an action against the person served.
[5] Plaintiff's Affidavit in Opposition to the County Defendants' Motion to Dismiss is treated as a motion to reopen.

13

have discretion to enlarge the 120-day period even in the absence of good cause." Murray v. Pataki, 378 Fed. Appx. 50, 52 (2d Cir. 2010) (citing Zapata, 502 F.3d at 196).

The requirements of good cause are not defined in the Rule, though the Second Circuit has recently stated that "We will not overrule a district court's dismissal for lack of service unless the appellant 'advance[s] some colorable excuse for neglect.'" Prophete v. N.Y. Police Dep't, 383 Fed. Appx. 77 (2d Cir. 2010) (citing Zapata v. City of New York, 502 F.3d 192, 198 (2d Cir. 2007)); cf. Bogle-Assegai v. Connecticut, 470 F.3d 498, 508 (2d Cir. 2006) (upholding dismissal where plaintiff "offered no excuse whatever for the defective service"); McGregor v. U.S., 933 F.2d 156, 159-60 (2d Cir. 1991) (finding that attorney neglect did not amount to "good cause"). In the context of discretionary extensions of the service period, absent a showing of good cause, the Circuit has noted that a plaintiff must "ordinarily advance some colorable excuse for the neglect," demonstrate that an effort was made to effect service, or seek an extension within a reasonable period. Zapata, 502 F.3d at 197-98 (citation omitted).

Here, while it appears that Plaintiff made no effort to effect service during the 120-day period and did not seek an

extension, he has shown that an effort was made to effect service (if <u>after</u> the 120-day period ran), and, more importantly, advanced a colorable excuse for the failure. The Court is addittionally mindful that Rosario is proceeding pro se. The grant of an extension for proper service of process is therefore appropriate, if not required under Rule 4's mandatory language. <u>See</u> Fed. R. Civ. Pro. 4(m); <u>Zapata</u>, 502 F.3d 197, ("Some circuits require district courts to engage in a formal two-step inquiry to first evaluate good cause and then demonstrate their awareness that an extension may be granted even in the absence of good cause. In our view, whether such a bifurcated inquiry would be useful is a question best left to the district court: the two steps inevitably involve a weighing of overlapping equitable considerations").

The Court declines to reach Defendants' contention that the Complaint should be dismissed for failure to state a claim, or address whether the statute of limitations ceased to be tolled beyond the 120-day period for service under Rule 4(m),[6] as the Court is yet without jurisdiction to do so. <u>Arrowsmith</u>, 320 F.2d 219, 221.

---

[6] <u>See</u> <u>Frasca v. U.S.</u>, 921 F.2d 450, 453 (2d Cir. 1990)("The 120 days [for service] runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period. If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable . . . .").

15

**CONCLUSION**

For the foregoing reasons, the case is administratively re-opened. The Pro Se Office is directed to mail Plaintiff an additional Service Package. Plaintiff is directed to properly serve the County Defendants within thirty (30) days of receipt of the Service Package.

It is so ordered.

**New York, NY**
**September 6, 2011**

ROBERT W. SWEET
U.S.D.J.